**Davinder SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, et al.,[1] Respondents.**

**No. 07–2551–ag.**

United States Court of Appeals, Second Circuit.

Aug. 15, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Sandro S. Paterno, Bayonne, NJ, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Thankful T. Vanderstar, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Davinder Singh, a native and citizen of India, seeks review of the June 7, 2007 order of the BIA denying his motion to reopen. *In re Davinder Singh,* No. A73 546 993 (B.I.A. June 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

It is beyond dispute that Singh's motion to reopen was untimely and number barred, and we find no abuse of discretion in the BIA's finding that he did not qualify for an exception to the time and numerical limitations applicable to such motions. *See* 8 C.F.R. § 1003.2(c)(2).

### 1. Due Diligence

In certain circumstances, an alien may toll the time limit applicable to his motion to reopen by demonstrating ineffective assistance of counsel. *See Rabiu v. INS,* 41

F.3d 879, 882 (2d Cir.1994). However, in addition to showing prejudice and complying with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), the alien must show that he exercised due diligence during the period he sought to toll. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir.2007). "[N]o matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled." *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006).

■ Singh argues that the time limit should have been equitably tolled in his case. However, we find no abuse of discretion in the BIA's conclusion that Singh failed to demonstrate that he exercised due diligence during the period he sought to toll. A reasonable person in Singh's position would arguably have discovered his prior counsel's ineffective assistance of counsel on April 30, 2001, when the BIA issued its decision affirming the IJ's *in absentia* removal order. *See Jian Hua Wang*, 508 F.3d at 715. Indeed, in the BIA's April 2001 decision denying Singh's motion to rescind the IJ's *in absentia* order, the BIA stated that "counsel was not limited to providing notice of the newly scheduled hearing by phone and could have, for instance, mailed a copy of the notice to [Singh] or informed him of the hearing in person." *In Re Davinder Singh*, No. A73 546 993 (B.I.A. April 30, 2001). Because this language strongly suggests that Singh's prior counsel should have taken more steps to notify Singh about his rescheduled hearing before the IJ, we find that Singh should have reasonably discovered his prior counsel's ineffective assistance of counsel when he received the BIA's April 2001 decision. Singh has never asserted that he did not receive that decision.

Singh has not demonstrated that he exercised due diligence between September 2002, when the BIA denied his first motion to reopen, and May 2007, when he filed his second motion to reopen. Indeed, there is no evidence in the record to indicate what Singh did during this interval. Accordingly, the BIA reasonably determined that Singh failed to exercise due diligence in pursuing his ineffective assistance of counsel claim. *See Cekic*, 435 F.3d at 171–72.

2. Changed Country Conditions

■ We also find that the BIA did not abuse its discretion in finding that Singh failed to show that his motion to reopen qualified for an exception to the time and numerical limitations based on "changed country conditions" in India. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Singh's motion to reopen states that "[t]he ... documentation attests that [his aunt and uncle] were killed in June 2006 because of their son and nephew's involvement with the All India Sikh Student Foundation." The BIA, however, stated: "[w]hile we sympathize with [Singh] regarding the loss of his family members, he has explained, in his current motion, only that the situation in India continues as it did when he filed his initial" asylum application. Indeed, none of the evidence Singh submitted with his motion demonstrates that country conditions in India have changed. Instead, his evidence reveals that the same type of violence that formed the basis of his original asylum claim continues to occur. Indeed, Singh admitted as much when he stated in his motion to reopen that his aunt and uncle "are the *latest members* of [his] family to fall victims of the sectarian violence that *had already* claimed the life of [his] cousin on February 27, 1995." Under these circumstances, the BIA did not abuse its discretion in finding that Singh failed to demonstrate changed country conditions.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.